

FILED
2018 MAR -9 PM 12:58
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR 18-00048-DFM |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a): Failure to Pay Overtime Wages] |
| JOSEPH ALVAREZ, | |
| Defendant. | [CLASS B MISDEMEANOR] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all relevant times to this Information:

A. THE UNITED STATES DEPARTMENT OF LABOR AND THE FAIR LABOR STANDARDS ACT

1. The United States Department of Labor (the "Department of Labor") was an agency and department of the United States of America. The Department of Labor's mission was to foster, promote, and develop the welfare of the wage earners, job seekers, and retirees of the United States, improve working conditions, advance opportunities for profitable employment, and assure work-related benefits and rights.

2.  The Department of Labor – Wage and Hour Division was responsible for enforcing federal labor laws, including minimum wage, overtime pay, and recordkeeping under the Fair Labor Standards Act, Title 29, United States Code, Section 201 et seq.

3.  Under the Fair Labor Standards Act, employers were required to pay nonexempt workers overtime pay of not less than one-and-a-half times the regular rate of pay after 40 hours of work in a work week.

B.  AGAPE

4.  Agape Cottages, Inc. ("Agape Inc.") is a residential care group licensed to operate six residential facilities in Orange County, within the Central District of California.  During the period relevant to this Information, defendant JOSEPH ALVAREZ ("ALVAREZ") owned and managed Agape Inc.

5.  Agape Cottage Care Partners LLC ("Agape LLC") is a California Limited Liability Company that was established with defendant ALVAREZ as the Chief Executive Manager and the caregivers working at the residential care facilities as member-owners.  During the period relevant to this Information, defendant ALVAREZ was the Chief Executive Manager of Agape LLC.

C.  THE DEPARTMENT OF LABOR'S INVESTIGATION INTO VIOLATIONS OF THE FAIR LABOR STANDARDS ACT BY AGAPE

6.  Beginning in or about January 2014, the Department of Labor began an investigation into whether Agape Inc. and Agape LLC were in compliance with the Fair Labor Standards Act.

7.  Investigators with the Department of Labor – Wage and Hour Division found that Agape Inc. and Agape LLC had failed to pay 17 employees a total of approximately $196,541.30 in overtime and minimum wage pay for the period of in or about February 2012 through

1 | in or about February 2014.

2 |   8. As a result of this failure, the Department of Labor - Wage and Hour Division assessed damages in an equal amount, resulting in a total amount of $196,541.30 owed to the 17 employees.

D. <u>AGREEMENT TO PAY BACK WAGES AND SUBSEQUENT DEMAND BY DEFENDANT ALVAREZ TO EMPLOYEES THAT THEY RETURN THE BACK WAGES PAID</u>

  9. On or about March 31, 2015, the Investigators with the Department of Labor - Wage and Hour Division held meetings with defendant ALVAREZ and his attorney.  During these meetings:

   a. The Investigators told defendant ALVAREZ that the investigation had found that Agape Inc. and Agape LLC had failed to pay employees the required overtime and minimum wage pay under the Fair Labor Standards Act.

   b. Defendant ALVAREZ did not challenge the findings and agreed to pay back wages in the amount of $196,541.30, with the back wages going to 17 nonexempt employees.

   c. The Investigators with the Department of Labor - Wage and Hour Division explained to defendant ALVAREZ that once defendant ALVAREZ paid the employees the back wages, defendant ALVAREZ needed to have each employee sign a Department of Labor Form WH-58 entitled "Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation" ("Form WH-58").  On the form, above the employee's signature line, the employee was to acknowledge receipt of unpaid wages, employee benefits, or other compensation under the Fair Labor Standards Act.

   d. The Investigators with the Department of Labor - Wage and Hour Division further explained that the employer also needed to sign the Form WH-58 for each employee, certifying that the employer

had paid that employee the back wages.

10. Defendant ALVAREZ subsequently met with the employees and told them the following:

    a. The employees needed to sign a Form WH-58 provided by the Department of Labor - Wage and Hour Division.

    b. Defendant ALVAREZ would provide the back wages for deposit into the employees' personal bank accounts, and the employees would then need to return to defendant ALVAREZ the same amount of the back wages for deposit back into an account that defendant ALVAREZ controlled.

    c. The employees needed to return the back wages to defendant ALVAREZ because the employees were "partner-owners," not employees, and therefore the money belonged to Agape LLC.

11. Defendant ALVAREZ provided the back wages for deposit into the employees' personal bank accounts and signed each of the Form WH-58s, certifying that each employee had been paid the back wages ordered by the Department of Labor - Wage and Hour Division. Defendant ALVAREZ sent the completed Form WH-58s to the Department of Labor - Wage and Hour Division.

12. At or about this time, the employees returned to defendant ALVAREZ the back wages that defendant ALVAREZ had paid them, and defendant ALVAREZ deposited the employee checks into a bank account that he controlled.

13. These Introductory Allegations are hereby re-alleged and incorporated by reference in the following count.

//
//

## COUNT ONE

[29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a)]

From in or about February 2012 through in or about February 2014, in Orange County, within the Central District of California, defendant JOSEPH ALVAREZ, doing business as Agape Cottages, Inc. and Agape Cottage Care Partners LLC, knowingly employed at least 17 nonexempt employees, as defined in the Fair Labor Standards Act, who in work weeks were engaged in activity affecting interstate commerce, for work weeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week at a rate of at least one-and-a-half times the employees' regular hourly rate of pay for the hours worked over 40 hours in such work week.

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Acting Deputy Chief, Santa Ana Branch Office