NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DANIEL H. AHN (Cal. Bar No. 235023)
Acting Deputy Chief
Assistant United States Attorney
Santa Ana Branch Office
   8000 United States Courthouse
   411 West Fourth Street
   Santa Ana, California 92701
   Telephone: (714) 338-3539
   Facsimile: (714) 338-3561
   E-mail:    daniel.ahn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SACR 18-00048-DFM |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSEPH ALVAREZ |
| v. | |
| JOSEPH ALVAREZ, | |
| Defendant. | |

1.  This constitutes the plea agreement between JOSEPH ALVAREZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

    a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

information in <u>United States v. Joseph Alvarez</u>, which charges defendant with failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a).

    b.    Not contest facts agreed to in this agreement.

    c.    Abide by all agreements regarding sentencing contained in this agreement.

    d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g.    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

    h.    Make complete restitution before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant will pay to the U.S. Department of Labor ("DOL") overtime wages and minimum wages totaling approximately $196,541.30 for distribution to the employees to whom defendant owes back wages as set forth in this plea agreement and pursuant to 18 U.S.C. § 3663A. Defendant may present any evidence to the DOL and USAO of any recoveries made by the employees; however, the determination of the

exact amount of restitution rests in the exclusive judgment of the DOL and USAO.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. Recommend that defendant be sentenced to a one-year term of probation.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count misdemeanor information, that is, failure to pay minimum overtime wages in violation of the Fair Labor Standards Act (the "Act"), 29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a), the following must be true: (1) a covered nonexempt employee, as defined under the Act, was employed by defendant, an employer, as defined under the Act; (2) the employee performed work that was controlled or required by defendant and that was for the benefit of defendant; (3) the employee's work involved interstate activity; (4) the employee worked more than 40 hours in a single work week and did not receive compensation at a rate of at least one-and-a-half times his or her regular hourly rate of pay for the hours worked over 40 hours in that work week; and (5) defendant knew that the employee was working and knowingly failed to pay overtime compensation to the employee. Defendant admits that defendant is, in fact, guilty of this offense as described in the single-count information.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for misdemeanor failure to pay overtime wages in violation of the Fair Labor Standards Act (the "Act"), 29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a), is: six months' imprisonment; a one-year period of supervised release; a fine of $10,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $10.

6.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty, including those victims referenced in the Factual Basis set forth in paragraph 9 below.  The parties currently believe that the applicable amount of restitution is approximately $196,541.30, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

4

rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that the Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding any immigration consequences that may result from a conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Agape Cottages, Inc. ("Agape Inc.") is a residential care group licensed to operate six residential facilities in Orange County, within the Central District of California.

Agape Cottage Care Partners LLC is a California Limited Liability Company that was established with defendant as the Chief Executive Manager and the caregivers working at the residential care facilities as member-owners of the LLC.

At all relevant times, defendant and his wife owned and managed Agape Inc.

Beginning in or around January 2014, the U.S. Department of Labor began an investigation into whether Agape Inc., Agape Cottage Care Partners LLC, and defendant were paying covered nonexempt employees proper minimum wage and overtime pay in compliance with the federal Fair Labor Standards Act (or "the Act"). The Department of Labor's investigation determined that Agape Inc. and Agape Cottage Care Partners LLC caregivers were covered nonexempt employees and not member-owners, as defendant claimed. In addition, the Department of Labor found that Agape Inc., Agape Cottage Care Partners LLC, and defendant -- employers -- had failed to pay 17 of their employees a total of approximately $196,541.30 in minimum wage and overtime pay for the period of February 2012 to February 2014, in violation of the Act. Each of the employees had worked more than 40 hours in a single work week and did not receive compensation at a rate of at least one-and-a-half times his or her regular hourly rate of pay for the hours worked over 40 hours in that work week. These employees performed work that was controlled and required by defendant and that was for the benefit of defendant, and the employees' work involved interstate activity. Defendant knew that the employees were so working and knowingly failed to pay minimum wage and overtime compensation to the employees.

On or about March 31, 2015, the Department of Labor held a final meeting with defendant and his attorney. During the meeting, the Department of Labor told defendant and his attorney that the investigation found that the residential care facilities had failed to pay the employees the required minimum wage and overtime pay under the Act.

Defendant agreed to pay back wages in the amount of $196,541.30, with the back wages going to the above-referenced 17 current and former covered nonexempt employees of defendant and the residential care facilities. These employees included R.A., R.A., M.C., S.C.C., A.D., P.D.D., L.F., J.R.G., L.A.G., G.L., J.C.O., R.P., R.R., R.V.R., L.S., V.C.S., and R.A.V.

Defendant signed a Department of Labor form entitled, "Summary of Unpaid Wages," which listed the employees who were owed back wages and the amount of back wages they were owed. On the form, on behalf of the residential care facilities, defendant signed a statement agreeing to pay the listed employees the amounts shown by April 30, 2015.

The Department of Labor explained to defendant and his attorney that once the residential care facilities paid the employees the back minimum wage and overtime wages, the residential care facilities needed to have each employee sign a Department of Labor Form WH-58 entitled, "Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation" ("Form WH-58"). On the form, above the employee's signature line, the employee was to acknowledge receipt of unpaid wages, employee benefits, or other compensation under the Act.

The Department of Labor explained further that the employer also needed to sign the Form WH-58 for each employee, certifying that the employer had paid that employee the back minimum wage and overtime wages.

Defendant met with and spoke over the phone with employees and told employees to sign a Form WH-58 provided by the Department of Labor.

Defendant told employees that he would provide the back wages for deposit into the employees' personal bank accounts and the employees would then need to write defendant a personal check in the same amount of the back wages for deposit back into an account that defendant controlled.

Defendant told employees that they needed to return the back wages to defendant because they were "partner-owners" of the company and not employees, and therefore the money belonged to the company.

Defendant signed each of the Form WH-58s on behalf of the residential care facilities, certifying that each employee had been paid the back minimum wage and overtime wages ordered by the Department of Labor.

Defendant sent the completed Form WH-58s to the Department of Labor, via e-mail.

Defendant deposited the employee checks into a bank account that he controlled.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction. Defendant also understands that the Sentencing Guidelines do not apply to any count of conviction that is a Class B misdemeanor.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:    N/A    [U.S.S.G. § 1B1.9]

12. Defendant and the USAO agree that defendant is in Criminal History Category I under the Sentencing Guidelines.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chooses not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a sentence of no more than one year of probation, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the sentence imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $196,541.30; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of

probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $196,541.30.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

20. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

      c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

21. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to

submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

/s/ DANIEL H. AHN                                   Date 3/1/18
Assistant United States Attorney

/s/ JOSEPH ALVAREZ                                  Date 02/12/2018
Defendant

/s/ FRANCIS E. QUINLAN                              Date 2/14/2018
Attorney for Defendant JOSEPH
ALVAREZ


## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

15

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  2/12/2018
JOSEPH ALVAREZ                Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSEPH ALVAREZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

<sub>agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.</sub>

agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     2/19/18
FRANCIS E. QUINLAN                        Date
Attorney for Defendant JOSEPH
ALVAREZ

<sub>17</sub>

# CERTIFICATE OF SERVICE

I, Stephanie Ascencio, declare:

That I am a citizen of the United States and a resident of or employed in Orange County, California; that my business address is the Office of United States Attorney, 411 West 4th Street, Suite 8000, Santa Ana, California 92701; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT FOR DEFENDANT JOSEPH ALVAREZ**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
**SEE ATTACHED**

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **March 9, 2018**, in Santa Ana, California. I certify under penalty of perjury that the foregoing is true and correct.

Stephanie Ascencio
Legal Assistant

**ATTACHMENT**

Francis E. Quinlan
Newmeyer & Dillion LLP
895 Dove Street, 5th Floor
Newport Beach, CA  92660