1 | NICOLA T. HANNA
United States Attorney
2 | DENNISE D. WILLETT
Assistant United States Attorney
3 | Chief, Santa Ana Branch Office
DANIEL H. AHN (SBN: 235023)
4 | Assistant United States Attorney
    8000 United States Courthouse
5 |     411 West Fourth Street
    Santa Ana, California  92701
6 |     Telephone:  (714) 338-3539
    Facsimile:  (714) 338-3561
7 |     Email:      daniel.ahn@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

9 |

10 |                   UNITED STATES DISTRICT COURT

11 |              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |

13 | UNITED STATES OF AMERICA,      ) No. SA CR 18-48-DFM
                                   )
14 |               Plaintiff,      ) GOVERNMENT'S POSITION RE:
                                   ) PRESENTENCE REPORT AND
15 |               v.              ) SENTENCING FACTORS; DECLARATION
                                   ) OF CYNTHIA PENILLA; EXHIBIT A
16 | JOSEPH ALVAREZ,               )
                                   ) Hearing Date:
17 |               Defendant.      ) August 27, 2018
                                   )
18 |                               ) Hearing Time:
                                   ) 11:00 a.m.
19 |                               )
                                   )
20 | _____)

1    Plaintiff, United States of America, through its attorney of

2  record, the United States Attorney's Office for the Central District

3  of California, hereby files the government's Position Re:

4  Presentence Report and Sentencing Factors for defendant JOSEPH

5  ALVAREZ.

6    The Sentencing Position is based on the attached memorandum of

7  points and authorities; the declaration of Cynthia Penilla and

8  accompanying exhibit (the exhibit was filed separately under seal);

9  the files and records in this case, including the Presentence

10  Investigation Report ("PSR") and the U.S. Probation Office's

11  Recommendation Letter; and any evidence or argument presented at the

12  hearing in this matter.

13  Dated:  August 3, 2018              Respectfully submitted,

14                                      NICOLA T. HANNA
                                        United States Attorney
15
                                        DENNISE D. WILLETT
16                                      Assistant United States Attorney
                                        Chief, Santa Ana Branch Office
17

18                                      _____/s/_____
                                        DANIEL H. AHN
19                                      Assistant United States Attorney

20                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2                                    **I.**

3                              **INTRODUCTION**

4        In March 2018, defendant JOSEPH ALVAREZ ("defendant")

5    pleaded guilty to a single-count information charging him with

6    failing to pay overtime wages, a Class B misdemeanor, in

7    violation of 29 U.S.C. §§ 207(a)(1), 215(a)(2), 216(a).

8        Consistent with the plea agreement, the government

9    recommends that defendant be sentenced to a one-year term of

10   probation.

11                                   **II.**

12                                 **FACTS**

13       Defendant operated elderly care homes in Orange County.

14   The Department of Labor, following a wage-and-hour

15   investigation, concluded that defendant had failed to pay

16   employees overtime and minimum wage under the Fair Labor

17   Standards Act.  Defendant agreed to pay back wages to 17

18   employees.  Defendant paid the wages but then told the employees

19   to return the money, telling them that they were not employees

20   but "partner-owners" of the company.

21                                  **III.**

22                            **POSITION RE: PSR**

23       The government has no objection to the material factual

24   information contained in the PSR, except for the amount of

25   restitution, as explained in more detail below.  The government

26   requests that the Court adopt the undisputed portions of the PSR

27   as its findings of fact for purposes of sentencing defendant.

28   See Fed. R. Crim. P. 32(i)(3)(A).

1    Because this case involves a Class B misdemeanor, the

2  Sentencing Guidelines do not apply.  USSG § 1B1.9.  Thus, there

3  is no applicable base offense level.  The government notes,

4  however, that defendant has zero criminal history points,

5  resulting in a category of I.

6                              **IV.**

7                **POSITION RE: SENTENCING FACTORS**

8  A.    Government's Position Re: Sentencing Factors

9      The facts of this case, including those in mitigation, show

10  that a one-year term of probation would fulfill the purposes of

11  sentencing listed in 18 U.S.C. § 3553(a).

12      A civil investigation found that defendant had violated the

13  Fair Labor Standards Act and owed 17 elderly care employees back

14  wages.  Defendant agreed that he was in violation and promised

15  federal investigators that he would pay those back wages.

16  Though defendant did indeed pay back wages to the employees, he

17  had them return the money.  That conduct weighs against

18  defendant at sentencing.

19      In mitigation, defendant has agreed to pay complete

20  restitution before the time of sentencing, and has further

21  agreed that "the determination of the exact amount of

22  restitution rests in the exclusive judgment of the [Department

23  of Labor] and [U.S. Attorney's Office]."  (Plea Agreement

24  ¶ 2(h).)  In addition, defendant accepted responsibility early

25  on, pleading guilty pre-indictment and saving the government

26  (and victims) from further expending important resources.

27  Moreover, defendant has zero criminal history points, an

28  apparently caring family, and a stable job, all of which helps

1  moderate the risk of recidivism.  The government's

2  recommendation takes into account these mitigating factors.

3      B.    Government's Position Re: Restitution

4      Restitution is mandatory in this case under 18 U.S.C.

5  §§ 3663A(a)(1), (c)(1)(B).  The government agrees substantially

6  with the Probation Office's "Victim List" and calculation of

7  restitution.  There are only three areas of disagreement,

8  resulting in a slightly lower total restitution amount of

9  $177,037.01.  As detailed in the attached declaration from

10 Department of Labor Special Agent Cynthia Penilla, subsequent

11 investigation -- including a review of bank records -- shows

12 that:

            (1) J.R.G. is owed $59.16 (rather than $692.00);

            (2) J.C.O. is owed $174.97 (rather than $2,046.42); and

            (3) a victim not on the current victim list is owed

                $1,853.29.

17      The government requests that the Court order restitution in

18 the total amount of $177,037.01, as set forth in Exhibit A to

19 the declaration (which was filed separately under seal).

**V.**

**CONCLUSION**

22      The government respectfully recommends that defendant be

23 sentenced as follows:

24      • a one-year term of probation under the terms and

25        conditions set forth in the Recommendation Letter;

26      • an order of restitution in the total amount of

27        $177,037.01, as set forth in Exhibit A; and

28      • a $10 special assessment.

3

## D E C L A R A T I O N

I, Cynthia Penilla, being duly sworn, hereby depose and state the following:

1.    I am a Special Agent of the Department of Labor, Office of Inspector General, and I have been so employed for over 11 years.

2.    I write this declaration in connection with the federal criminal case against Joseph Alvarez ("defendant").  I was asked by Daniel Ahn, the assigned Assistant United States Attorney, to determine the amount of restitution due as a result of defendant's criminal conduct.

3.    Sixteen individuals were identified by the Probation Office as victims who are owed restitution.  Based on victim interviews and my review of bank records, the Probation Office's victim list and calculations are correct, with the following three exceptions.

      a.    Jehla Rose Gabriel is owed $59.16 (rather than $692.00);

      b.    John Chris Ong is owed $174.97 (rather than $2,046.42); and

      c.    The victim list should include Rohna Ramos, who is owed $1,853.29.

1

4.      Attached as Exhibit A to this declaration is an
updated victim list with the corrected number of victims and
final amounts owed to victims as a result of defendant's
criminal conduct.   The total amount of restitution owed is
$177,037.01.

I swear the foregoing is true and correct under penalty of
perjury.

08/02/18
_____
Date

Cynthia Penilla
Special Agent, Department of
Labor, Office of Inspector
General

2