NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
DANIEL H. AHN (SBN: 235023)
Assistant United States Attorney
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California  92701
    Telephone:  (714) 338-3539
    Facsimile:  (714) 338-3561
    Email:      daniel.ahn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 18-48-DFM |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL POSITION RE: PRESENTENCE REPORT AND SENTENCING FACTORS |
| v. | |
| JOSEPH ALVAREZ, | Hearing Date: March 14, 2019 |
| Defendant. | Hearing Time: 9:00 a.m. |

Plaintiff, United States of America, through its attorney of record, the United States Attorney's Office for the Central District of California, hereby files this supplemental sentencing position.

Dated: February 27, 2019         Respectfully submitted,

NICOLA T. HANNA
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office


          /s/
DANIEL H. AHN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In March 2018, defendant JOSEPH ALVAREZ pleaded guilty to a single-count information charging him with failing to pay overtime wages.

The government recommended that defendant be sentenced to a one-year term of probation. The government also recommended that the Court order restitution in the total amount of $177,037.01.

In January 2019, the Court ordered defendant to file any objections to the PSR. Defendant has now done so, and the government wishes to respond to one item. Specifically, defendant argues that the PSR "does not credit by way of mitigation the 2014 and 2015 negotiated 'bonuses' to the LLC caregiver members when the LLC was terminated in 2015 . . . ." (Docket No. 37 at 4; see also id. at 7, 11-2.)

A few responses.

First, defendant does not appear to be arguing that these "bonuses" should offset the restitution amount recommended by the government; rather, defendant's argument seems to be that any such bonuses paid should be considered by the Court more broadly as sentencing "mitigation." To the extent that this is defendant's argument, the government defers to the Court on whether (and to what extent) it serves as such.

If defendant is arguing that any such bonuses should offset the restitution amount, defendant would be mistaken. That is because such bonuses, if paid at all, were not provided as payment to employees for back wages due -- the out-of-pocket losses resulting from defendant's offense. To the contrary, and

as defendant's submission makes clear, the concept of a bonus in this context would be premised on the view that defendant's workers were <u>member-owners</u> of the LLC and thus entitled to a share of the <u>proceeds</u> of the company.  But the Department of Labor found otherwise, concluding that defendant's workers were not member-owners who share in the company's proceeds, but employees who are entitled to back wages.  Defendant, moreover, stipulated to the Department's determination on these dispositive points.  And finally, that agreed-to determination serves as the foundation of defendant's offense and guilty plea -- and thus his restitution obligation -- in this case.  Thus, any effort here to use such a repudiated and inapt theory to reduce restitution should be rejected.

* * *

The government respectfully recommends that defendant be sentenced as follows:

- a one-year term of probation;
- an order of restitution in the total amount of $177,037.01; and
- a $10 special assessment.

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, February 28, 2019, I served a copy of the foregoing document(s), described as follows: **Government's Supplemental Position Re: Presentence Report and Sentencing Factors Position for Defendant Joseph Alvarez** in the following manner:

■ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to: Eunice Habig, U.S. Probation, 4th Floor

by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service addressed as follows:

by e-mailing a pdf. version of the document(s) to the e-mail Address specified below:

I declare under penalty of perjury that the foregoing is true and correct, executed on February 28, 2019, at Santa Ana, California.

/s/ *Giselle Gerardo*
Giselle Gerardo